IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADAM TAPIA,

        **Plaintiff,**

v.                                              No. CIV 08-0093 WJ/LAM

JOHN DANTIS,

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint (*Doc. 1*) under 42 U.S.C. § 1983. Plaintiff is incarcerated, appears *pro se*, and has moved for leave to proceed *in forma pauperis* ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment of the filing fee pursuant to § 1915(b)(1). The IFP motion (*Doc. 4*) will be granted, and for the reasons below, Plaintiff's complaint (*Doc. 1*) will be dismissed with prejudice.

      The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §1915(e)(2)(B) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted[.]" The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. State of*

*Oklahoma, Dep't. of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The sole claim in Plaintiff's complaint is that Defendant, an assistant county manager, illegally transferred and transported Plaintiff from a county detention facility in Bernalillo County, New Mexico, to one in Texas. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (*Doc. 1*). Plaintiff does not identify a federal statute or constitutional provision that Defendant violated by making the transfer. The complaint seeks damages.

No relief is available on Plaintiff's claim. As a starting point in reviewing this complaint, the Court notes that "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992). Likewise, "'[n]either the United States Constitution nor any federal law prohibits the transfer of an inmate from one state to another.'" *Montez v. McKinna*, 208 F.3d 862, 865-866 (10th Cir. 2000), quoting *Barr v. Soares*, No. 99-1003, 1999 WL 454364, at *1 (10th Cir. July 6, 1999) (unpublished) (internal citations omitted). Because Plaintiff's allegations regarding his transfer do not state a claim under 42 U.S.C. § 1983, the Court will dismiss the complaint with prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (*Doc. 4*) is **GRANTED**, and the initial partial payment of the filing fee is **WAIVED**;

**IT IS FURTHER ORDERED** that Plaintiff's complaint (*Doc. 1*) is **DISMISSED** with prejudice, and judgment will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

**WILLIAM P. JOHNSON**
**UNITED STATES DISTRICT JUDGE**